MANUEL MENDÍA MORALES, demandante y apelante, *v.* JUAN B. ARSUAGA, MIGUEL MOCOROA ARSUAGA, CEFERINO ARSUAGA PEÑAGARÍCANO, EUGENIO MURUA PEÑAGARÍCANO, JOSÉ MARÍA ARSUAGA BERAZA, JUAN JOSÉ ARSUAGA BERAZA, ROSARIO DABÁN, SUCESIÓN DE PEDRO ARSUAGA BERAZA, ENRIQUE ADSUAR, "SOBRINOS DE EZQUIAGA INC.", y SOBRINOS DE EZQUIAGA S. EN C., demandados y apelados.

No. 4141.—*Visto:* Noviembre 8, 1926. *Resuelto:* Junio 9, 1927.

APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—EN GENERAL.—No procede desestimar una apelación contra resolución denegatoria de un *injunction pendente lite* porque el apelante, en su alegato, trate cuestiones que no son para resolverse en ella, especialmente, cuando en la sentencia final, tales cuestiones levantadas como fundamentos de desestimación pueden considerarse en mejores condiciones que en una moción de desestimación.

Moción sobre desestimación de apelación, interpuesta ésta contra resolución de *Pablo Berga*, J. (San Juan), en pleito sobre injunction y nombramiento de síndico *No ha lugar.*

*O. B. Frazer, R. Castro Fernández* y *Tomás Bernardini,* abogados del apelante; *J. Texidor* y *De la Torre & Ramírez,* abogados de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Don Manuel Mendía Morales, que es uno de los socios gestores de la mercantil Sobrinos de Ezquiaga, S. en C., demandó a todas las otras personas que constituyen esa sociedad, a algunos de ellos también como incorporadores de Sobrinos de Ezquiaga, Inc., y a Don Enrique Adsuar y solicitó de la corte de distrito, entre otras cosas, que librase auto de *injunction pendente lite* contra Sobrinos de Ezquiaga, Inc., y contra Don Enrique Adsuar y que nombrase uno o más síndicos que se encargasen de los negocios de la mercantil Sobrinos de Ezquiaga, S. en C., y los continuase como un negocio en pie hasta liquidar y distribuir su capital bajo la dirección de la corte.

Por resolución de 2 de agosto de 1926 la corte se negó a expedir los autos de *injunction* solicitados y declaró con lugar la petición sobre nombramiento de síndicos pero con el carácter de liquidadores, para administrar únicamente el caudal común y percibir los créditos de la compañía, extinguir las obligaciones contraídas de antemano según vayan venciendo, y realizar las operaciones pendientes hasta la liquidación definitiva y división de haber social conforme a las disposiciones del Código de Comercio.

Por otra resolución de 7 de agosto de 1926 la corte hizo el nombramiento de dos síndicos liquidadores, siendo uno de ellos Don Enrique Adsuar.

Contra la resolución de 2 de agosto de 1926 en cuanto niega el *injunction* solicitado y concede sólo facultades limitadas a los síndicos que sean nombrados, y contra la resolución de 7 de agosto de 1926 nombrando síndico li-

quidador a Don Enrique Adsuar, interpuso el demandante este recurso de apelación.

Antes de ser presentado el alegato del apelante para sostener su recurso de apelación nos pidieron los apelados el 26 de octubre de 1926 que la desestimáramos porque indebida e innecesariamente se han mezclado dos apelaciones y porque la resolución de 7 de agosto de 1926 que hace mención al nombramiento de una persona como síndico y a la limitación de sus facultades como tal, así como la resolución de 2 de agosto en cuanto concede facultades limitadas á los síndicos son apelaciones arbitrarias porque no son apelables. Esa moción la resolvimos el 15 de noviembre siguiente desestimando la apelación interpuesta contra la resolución de 7 de septiembre, 1926 (debió decir 7 de agosto, 1926) y declarándola sin lugar respecto a la orden de 2 de agosto de 1926, en cuyo particular dejamos en pie el escrito de apelación.

Después el apelante nos ha presentado su alegato aduciendo tres motivos de error que podemos concretar así: 1º, al declarar la corte inferior que no procede el nombramiento de síndico en la forma solicitada por el demandante para continuar los negocios de Sobrinos de Ezquiaga, S. en C., como un negocio en pie, y haber dispuesto el nombramiento de síndicos liquidadores para la liquidación definitiva de esa sociedad; 2º, por haber negado el *injunction* solicitado contra Don Enrique Adsuar y por igual negativa del pedido contra Sobrinos de Ezquiaga, Inc.

En vista de ese alegato nos piden los apelados que desestimemos la apelación porque se discute en primer término que la corte erró al declarar que no procedía el nombramiento de síndico en la forma solicitada por el demandante, o sea, la negativa de un nombramiento de síndico, cuestión que no es apelable, y porque en el alegato se incluye materia que no fué objeto de apelación, cual es que la corte cometió error al declarar y poner a la mer-

cantil Sobrinos de Ezquiaga, S. en C., en liquidación, y porque en el segundo motivo de error el apelante insiste en tratar del nombramiento de Don Enrique Adsuar, yendo contra la ley y la jurisprudencia.

Como la apelación del demandante contra la resolución de 2 de agosto de 1926 no puede ser desestimada porque en ella se niegan los *injunctions* que solicitó contra Don Enrique Adsuar y contra Sobrinos de Ezquiaga, Inc., y tales negativas son apelables de acuerdo con el artículo 295, No. 3, del Código de Enjuiciamiento Civil, desestimaremos la moción de los apelados aunque el apelante trate en su alegato cuestiones que quizás no deban ser resueltas en apelación, pues preferimos dejar la cuestión de si se apela del nombramiento de síndicos o si no se trata de esto, como sostiene el apelante, sino de algo más fundamental como el haberse decretado que sea liquidada la mercantil Sobrinos de Ezquiaga, S. en C., ya que en la sentencia final podremos considerar tales cuestiones en mejores condiciones que en una moción de desestimación.